IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:    3:93cr3009/RV
                                                                             3:13cv538/RV/EMT

JOHN R. COWART
_____/

## ORDER, REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 176) and motion for appointment of counsel (doc. 177). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[1]

## BACKGROUND and ANALYSIS

Defendant was sentenced to a term of 360-months imprisonment after his conviction of controlled substance offenses (*see* doc. 141). He challenged his conviction by means of a motion to vacate pursuant to 28 U.S.C. § 2255 that was denied in 1999 (*see id.* (entry 88); *see also* docs. 91, 106, 108). Defendant's request for a certificate of appealability was denied by both the district and appellate courts (docs. 114, 133). Defendant has now filed another motion to vacate in which he seeks relief pursuant to the recent Supreme Court decision in Descamps v. United States, 133 S. Ct.

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2). If summary dismissal were not warranted in this case, the pro se Defendant would be required to file an amended motion on the court form as required by this rule before his motion would be considered on the merits.

2276 (2013), claiming that pursuant to Descamps, his prior conviction for burglary of a dwelling is not properly considered a predicate offense for an Armed Career Criminal enhancement.

This court cannot reach the merits of Defendant's claim as it does not have jurisdiction to consider Defendant's motion. Before a second or successive application for § 2255 relief is filed in the district court, the litigant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Carter v. United States, 405 F. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant asserts that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed.[2]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection

---

[2]Defendant states that he brings the motion in the alternative as a writ of audita querela in the event that § 2255 is inapplicable to his claim. The court does not find that § 2255 is inapplicable to his claim; rather, it finds that Defendant has failed to comply with procedural prerequisites for seeking relief under this section.

Case Nos.: 3:93cr3009/RV; 3:13cv538/RV/EMT

to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED:**

Defendant's motion for appointment of counsel (doc. 177) is **DENIED**.

And it is respectfully **RECOMMENDED** that:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 176), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 15th day of October, 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**